Ruffin, C. J.
 

 The present question grows out of the same proceeding, which was before the Court at June Term, 1840, in which this Court affirmed the judgment of the Superior Court of Buncombe, awarding a peremptory mandamus to Robert Jones, Asa Edney, John Miller, and Richard Allen, commanding them, with B. Wilson, E. Hightower, and John Clayton, to perform the duties, imposed by the 11th section of the act ot 1838, of procuring by purchase or donation, a proper tract of land for the county town of Henderson county. 1 IredelVs
 
 Rep.
 
 129. Upon receiving the certificate from this Court, the Court of Buncombe issued the peremptory writ at October Term, 1840, returnable to April Term, 1841. In the meanwhile, the Legislature met in November, 1840, and passed an act, ch. 53, entitled “ an act to fix the location of the town of Hendersonville;” and thereby
 
 *415
 
 enacted,that the location oftheCourthouseof Henderson conntyshould be made by the qualified voters of that County; and, after prescribing the period and manner of holding the election, the act appoints other commissioners to carry into effect the decision by the popular voice, by procuring, by purchase or donation, not less than fifty acres of land, including the point designated by the voters, or within one mile thereof, and laying out thereon a town, in which the Court house and other public buildings shall be erected. And then, amongst other things, it is expressly enacted; “ that such of the existing laws, as come in conflict with the provisions of this act, are hereby repealed.”
 

 After the enactment of this stutute, the commissioners to whom the mandamus was issued, declined proceeding further under it; and at April Term, 1841, the relators moved for an attachment against them. This was opposed upon the strength of the- act of 1840. But on the other side, it was contended, 1st, That no plea could be received, nor excuse heard, for not obeying a peremptory mandamus ; and 2ndly, That the act of 1840 was unconstitutional, as it violated the contract (as stated in the former case) made with Johnston, for land for a town site. The Court refused the motion, and the relators appealed.
 

 We concur in the decision of his Honor. If a definitive contract had been entered into between Johnston, and the persons appointed under the act of 1838 to contract for the public, yet it would be entirely competent to the Legislature to remove the seat of justice from that to any other place in the county. The designation of a place, in which the Courts of a county shall be held, the mode of making the selection, and of appointing the persons to act on behalf of the public, in procuring or disposing of land for those purposes, or erecting the requisite buildings, are matters of political arrangement and expediency, and necessarily, the subjects of legislative discretion. The Legislature is charged with the duty of providing for the public convenience, and the reasons, arising out of public convenience, may at.one time be strong for holding the Courts at one place, and, at another time, at
 
 *416
 
 anotherplace. It very often happens, indeed, that the ef-' feet on the value of private property forms a material consideration with the Legislature, in deciding on the question of.change, and properly prevents any change not plainly demanded by the general welfare. Still, the Legislature is to judge of that; and, if the advantage of the community at large requires it, private interests must yield. The incidental consequences of the exercise of an useful and indispensable legislative power must be submitted to by every citizen.
 

 It is true, that a peremptory writ of mandamus implies, that the party has been fully heard; and, therefore, that he can allege no reason why he has not obeyed it. But an exception is, of necessity, implied, that such obedience is not forbidden by a new law, passed after the writ was awarded. These persons were appointed to actas public agents in this matter, and the writ was to enforce the performance of that duty to the public. Now, the public has since revoked
 
 its
 
 authority, and taken away the power to act in the premises from them, and conferred it on other persons ; and, therefore, it is impossible that the public can complain of their former agents, or punish them for not continuing to act.
 

 Per
 
 Cuzziam, Judgment below affirmed,